Matthias, J.
 

 The facts in this case are not in dispute, and they present the question whether, when Baker sustained the injury resulting in his death, he was in the course of his employment. Baker was an employe of the Hamilton Coke & Iron Company. His home was in Hamilton, and he was driving his automobile over a county road, used generally by the public, to his place of employment, and was killed at the intersection of the tracks of the Pennsylvania Railroad Company at a point fully a quarter of a mile from the entrance to the plant in which he was employed. The employer had no control over the traffic or the means of travel adopted by the employe. The record discloses that, in order to reach his place of
 
 *347
 
 employment, it was necessary to cross a number of separate railroad tracks, if he traveled by the shortest route, and that traveling that route he necessarily crossed five interurban and railroad tracks, in addition to street car tracks within the city of Hamilton. It was further disclosed that there was another railroad track between the point of the accident and the plant in which Baker was employed. Baker had no duties whatever to perform for his employer before reaching the plant, and his travel over the public highway, which was a much-traveled road, was not different from that of the general public using such highway. Baker was therefore in the discharge of no duty connected with his employment at the time of his injury. He was at the time not within the zone of his employment, and the hazard which he encountered was not one growing out of the conditions or environments of his employment or in any wise under the control of his employer.
 

 The benefits of the workmen’s compensation fund under the Constitution and the provisions of the statute enacted pursuant thereto are only for injuries occasioned in the course of the workman’s employment, and compensation is not authorized for any injury which has its cause outside of and disconnected with the work in which the injured workman was employed.
 

 Some difficulty has arisen in various cases in determining whether under the facts presented the employe was in the course of his employment at the time of his injury. This court had occasion to consider the meaning of the term “in the course of employment” in the early case of
 
 Fassig
 
 v.
 
 State, ex rel. Turner, Atty. Genl.,
 
 95 Ohio St., 232, 116 N. E., 104, where it was held that the constitutional provision (Article II, Section 35) and the statute enacted pursuant thereto (103 Ohio Laws, 82, Section 27), with reference to an injury in. the course of employment, contemplated only an injury which is the result of or arises out of the employment.
 
 *348
 
 It was there specifically held that “Such provisions do not cover any injury which has its cause outside of and disconnected with the employment.” Subsequently, in the ease of
 
 Industrial Commission
 
 v.
 
 Weigandt,
 
 102 Ohio St., 1, 130 N. E., 38, this court included in the test of the right to an award the question “whether the employment had some causal connection with the injury, either through its activities, its conditions or its environments,” and again announced that “The provisions of the law do not cover an injury which had its cause outside of and disconnected with the business in which an injured workman was employed.” Subsequently cases were presented in which the injury did not occur in the plant or structure where the workman was employed, but outside the inclosure and immediately prior to actually entering upon the discharge of his duties and the performance of the work for which he was employed. Such was the situation presented in the case of
 
 Industrial Commission
 
 v. Barber, 117 Ohio St., 373, 159 N. E., 363. The question was there presented whether the hazards of the employment did not, in addition to those actually within the inclosure, include also those hazards which arise out of the environments of the industrial plant, conditions in the immediate vicinity of the place of employment and in a measure under the control of the employer. This court took the view that, when the employe, for the purpose of entering upon his employment, had entered into the sphere or zone controlled by his employer and was pursuing a course with reference to which the employe had no option, he was then in the course of his employment, and therefore that, when he sustained an injury attributable to such conditions and environment, there was a causal connection between his employment and his injury, and that the same was compensable. In that case it was disclosed that the employe was required to enter the plant as a pedestrian through the same gate and same approach
 
 *349
 
 entered by other employes with their automobiles, which constituted a condition and an environment of employment under the control of the employer, and that the hazards of that condition and environment were hazards to which the decedent was required to expose himself in the performance of his duty as an employe. In approving the award of compensation to an employe injured under such circumstances, the court held that such employe “enters upon the course of his employment within- the contemplation of the Workmen’s Compensation Law when he reaches the zone of such employment that is under the control of his employer, even though such zone be outside the inclosure of his employer.” The hazards which the Compensation Law (Section 1465-37
 
 et seq.,
 
 General Code) was regarded as covering are those growing out of the conditions and environments of the workman’s employment. Such limitation and restriction was carefully made in the syllabus, and any purpose to so extend the liability as to cover injuries occurring at all points between the place of employment and the place of abode of the employe was expressly disavowed in the opinion.
 

 The Constitution and the statutes providing for compensation from a fund created by assessments upon the industry itself contemplate only those hazards to be encountered by the employe in the discharge of the duties of his employment, and do not embrace risks and hazards such as those of travel to and from his place of actual employment over streets and highways which are similarly encountered by the public generally.
 

 The principle announced in the
 
 Barber case, supra,
 
 applied to the facts in this case, governs it, and requires a holding that the decedent was not in the course of his employment when he sustained the injury resulting in his death.
 

 The affirmation of the judgment in the instant case
 
 *350
 
 by the Court of Appeals was based upon the decision of this court in the case of
 
 Industrial Commission
 
 v.
 
 Henry,
 
 124 Ohio St., 616, 180 N. E., 194, and it is urged that adherence to our decision of that case requires an affirmance of the judgment here under review. As stated in the opinion in the latter case, a majority of the court did not consider the decision in the
 
 Barber case, supra,
 
 as applicable to the situation in the
 
 Henry case,
 
 but the latter case was decided upon a record which disclosed that the hazard involved was immediately adjacent to the plant and that customarily, and with the consent of the employer, such hazard was encountered by the employes during the time of their actual employment. We adhere to that decision, but decline to extend the rule there applied beyond the situation disclosed by the record in that case.
 

 The right to recover in the case at bar would rest upon the theory that the employe is in the course of his employment from the time he starts from home, notwithstanding he has no duty to perform until he reaches the plant of his employer. This court unanimously held the contrary in
 
 Industrial Commission
 
 v.
 
 Heil,
 
 123 Ohio St., 604, 176 N. E., 458.
 

 In addition to the Ohio decisions cited supporting our conclusions in this case, we direct attention to the numerous cases cited in
 
 State, ex rel. Gallet,
 
 v.
 
 Clearwater Timber Co.,
 
 47 Idaho, 295, 274 P., 802, with annotations in 66 A. L. R., 1396. Attention is there directed to the fact that the United States Supreme Court, in the case of
 
 Cudahy Packing Co.
 
 v.
 
 Parramore,
 
 263 U. S., 418, 44 S. Ct., 153, 68 L. Ed., 366, 30 A. L. R., 532, much relied upon by counsel for defendant in error, in approving the Supreme Court of Utah, held only that the interpretation of the statute given by the state Supreme Court was binding upon it, and that, as construed, such statute was not violative of the Federal Constitution. In such affirmance by the Supreme Court of the United States, the facts were regarded
 
 *351
 
 as important, if not essential, that “the railroad over which the way extended was not only immediately adjacent to the plant, bnt, by means of switches, was connected with it, and in principle it was as though upon the actual premises of the employer.”
 

 It follows that the judgment of the Court of Appeals is reversed, and final judgment is entered for the plaintiff in error.
 

 Judgment reversed.
 

 Weygandt, C. J., Allen, Stephenson, Jones, Bevís and Zimmerman, JJ., concur.