Matthias, J.
 

 A decision of this case requires only a consideration of the basic principles of the Workmen’s Compensation Law, and an application thereof to the facts disclosed by the record. Let us paraphrase the statement of Webster upon the occasion when he pictured the mariner endeavoring to ascertain how far he had been driven by the elements from
 
 *131
 
 his true course and suggested that we “imitate his prudence and before we float further on the waves refer to the point from which we departed, that we may at least be able to conjecture where we now are.”
 

 The ’Workmen’s Compensation Act was passed pursuant to authority specifically vested by the Constitution. Its purpose is to require as a matter of justice that injuries to workmen sustained in the course of their employment, not caused by their own wilful act, shall be regarded as a charge upon the business in which they were engaged, and compensation made therefor. This was pointed out in the case of
 
 Fassig
 
 v.
 
 State, ex rel. Turner, Atty. Genl.,
 
 95 Ohio St., 232, 116 N. E., 104, where it was held in the syllabus: “The provisions of Section 35, Article II of the Constitution, and in the statute with reference to an injury received in' the course of employment refer only to an injury which is the result of -or arises out of the employment. Such provisions do not cover any injury which has its cause outside of and disconnected with the employment, although- the employe may at the time have been engaged in the work of his employer in the usual way.” The court in that case was dealing with the question of the constitutionality of the Workmen’s Compensation Law and predicated the validity of that law upon the restriction or limitation that an award could not be made for an injury which did not arise out of the employment.
 

 The validity of the Workmen’s Compensation Law has been sustained because it contemplates an award from a fund created by compulsory contribution or assessments only for injuries occasioned in the course of employment of a contributing employer. Hence the condition precedent to recovery that the injury was sustained in the performance of some act or discharge of some duty of the employment.
 
 Industrial Commission
 
 v.
 
 Lewis,
 
 125 Ohio St., 296, 181 N. E., 136.
 

 We have had occasion more recently to restate the
 
 *132
 
 same principles in the syllabus in the case of
 
 Industrial Commission
 
 v.
 
 Baker,
 
 127 Ohio St., 345, 188 N. E., 560. It is so pertinent that we quote it here:
 

 “1. The right to an award from the workmen’s compensation fund is dependent upon a causal connection of the injury sustained and the employment of the applicant, either through the activities, the conditions or the environments of such employment.”
 

 “4. The constitution and the statute, providing for compensation from a fund created by assessments upon the industry itself, contemplate only those hazards to be encountered by the employe in the discharge of the duties of his employment, and do not embrace risks and hazards, such as those of travel to and from his place of actual employment over streets and highways,' which are similarly encountered by the public generally.”
 

 Let us apply this principle to the facts in the instant case. The decedent’s place of employment was the Francis Willard school building in Warren. It is not claimed that the board of education had any duty to perform with reference to her transportation; or that her injury was occasioned while she was in the actual discharge of any duty under her contract of employment. The claim is based entirely upon the theory that while at her home she did some work in preparation for her school duties and that therefore she was in the course of her employment not only while in the school building, but while traveling from the school to her home, and while in her own home, and also while en route back to school. It would follow from an application of that theory that the workmen’s compensation fund would become a general insurance fund covering accidental injury or death of such employe, whatever the cause, and wherever and whenever it may have occurred. Payment would thus be required in this case had the injury been caused by a fall, or otherwise, in the decedent’s own home.
 

 
 *133
 
 Let us again apply the test of hazard of employment, and inquire whether the injury was sustained in the course of or arose out of the employment. It is not contended, and cannot be, that the decedent sustained any injury as a result of any risk or hazard of the employment itself, or that the fatal injury was occasioned in the course of or arose out of the employment. It was not caused by any equipment, tools or material in any wise connected with her employment, and the employment had no causal connection with the injury either through its activities, its conditions or its environments. In this respect this case differs essentially from cases cited and relied upon by defendant in error. If there can be a recovery under the facts in this record, then there could be a like recovery in the case of any clerk, stenographer, bookkeeper, or of any other employe employed in an office, bank, store, factory, or other place of employment, who carried home any books, papers, statements, etc., for any purpose at all connected with his duties, and sustained an injury while absent from the place of employment and while engaged in some act not in any wise connected with the duties of the employment. That would disregard entirely the test of the right to such award, which is whether the employment had some causal connection with the injury, and would subject the fund to charges for compensation for an injury which had its cause entirely outside of and wholly disconnected from the .business in which the injured workman was employed, contrary to the underlying principles so well stated in the cases above cited, and also in the following cases:
 
 Industrial Commission
 
 v.
 
 Weigandt,
 
 102 Ohio St., 1, 130 N. E., 38;
 
 Industrial Commission
 
 v.
 
 Heil,
 
 123 Ohio St., 604, 176 N. E., 458, and
 
 Industrial Commission
 
 v.
 
 Ahern,
 
 119 Ohio St., 41, 162 N. E., 272. In the case last cited it is held that the phrase “in the course of employment” connotes an injury sustained in the performance of some required duty “done di
 
 *134
 
 rectly or incidentally in the service of the employer.”
 

 There are some points of difference between the instant case and the case of
 
 Inglish
 
 v.
 
 Industrial Com
 
 mission, 125 Ohio St., 494, 182 N. E., 31, upon which they conld be distinguished. We are fully persuaded, however, that the essential and basic principles of the Workmen’s Compensation Law heretofore discussed preclude compensation under the undisputed facts disclosed in either case. We therefore reverse the judgment in the instant case, and, though with some reluctance, we overrule the decision in
 
 Inglish
 
 v.
 
 Industrial Commission,
 
 125 Ohio St., 494, 182 N. E., 31.
 

 Judgment reversed.
 

 Weygandt, C. J., Allen, Stephenson, Jones, Bevis and Zimmerman, JJ., concur.