## CLARK v INDUSTRIAL COMMISSION

Ohio Appeals, 6th Dist, Huron Co

Decided Oct 26, 1936

Carpenter & Freeman, Norwalk, for appellant.

John W. Bricker, Attorney General, Columbus, Herbert W. Mitchell, Columbus, and R. R. Zurmehly, Columbus, for appellee.

## OPINION

By LLOYD, J.

By resolution of the Board of County Commissioners of Huron County, adopted January 5, 1933, Wallace J. Clark was "employed as court house janitor, at a salary of one hundred and fifty-three ($153.00) dollars per month, said salary to cover the necessary assistants and to have said janitor be on duty twenty-four (24) hours

each day." · Mr. Clark, now 72 years old, started to work as janitor in the court house in 1913. His employment included the duty of taking care of the furnace in the winter and seeing that the court house was properly heated. He left the court house for home about nine o'clock in the evening of February 14, 1933, after he "banked the fire up so it would be all right." He went to bed and arose about four o'clock the next morning and started for the court house on his bicycle. When he arrived at "where Woodlawn crosses Main Street * * * probably quarter of a mile" from the court house, he says "my bicycle slipped out from under me and I struck my hip." He had "a big ring of keys" in his "left side pocket," that being the side of his body that struck the pavement. The keys were those used at the court house. He also had with him a "few little tools for other purposes, all for court house." On the ring were "thirty or more" keys. The fall caused a fracture of his left femur. He was on his way to the court house to take care of the furnace, so that the building would be warm when the employees came to work. This had been his custom ever since his employment at the court house began. According to an exhibit offered and received in evidence by consent of counsel and attached to the bill of exceptions, "he was charged with the duty of tending to the furnace and the operation of the same during twenty-four hours of each day. He had an engineer's license. In working for the county he ordinarily came to work each morning at approximately 4 A. M. He would work until about 10:30 when he would go home and eat a meal. At that time he would be off for an hour or longer and would then return to the court house and work until about 3:30, when he went home and ate another meal. He would come back about five o'clock and would remain on duty until about 7:30 or 8:00 o'clock in the evening. He then went home. During the winter months he would come back at different periods during the night in order to look after the fires in the furnace."

Huron County was a contributor to the state workmen's compensation fund and Clark applied to the Industrial Commission for compensation for his injury. ·His application was denied, whereupon he appealed to the Court of Common Pleas where, at the conclusion of the trial, a verdict was directed for the Industrial Commission. Mr. Clark appeals to this court from the judgment entered on the directed ver-

dict, the error complained of being the action of the trial court in directing a verdict.

The sole question here, as in **Industrial Commission v Heil, 123 Oh St 604, 176 NE 458,** is: Was Clark injured while in the course of his employment?

It seems to us that the facts in that case parallel those in the instant case and that the conclusion there reached and the reasons stated in the opinion of the court are applicable to and determinative of the question under consideration. The mere fact that Clark had in his pocket the keys to the court house, could not alter the nature or purpose of his employment. As said in the Heil case, he could not possibly do any of the things he was employed to do until he reached the court house. The evidence shows him to have been an exceptionally faithful employee and deserving of · sympathy and commendation, but the law being as we construe it to be, we have no alternative but to affirm the judgment.

Judgment affirmed.

OVERMYER, J, concurs.
CARPENTER, J, not participating.