Day, J.
 

 The sole question presented is whether appellee’s violation of the rule of his employer forbidding workmen to ride the material hoist, is a defense sufficient to bar recovery of compensation under the Workmen’s Compensation Law of Ohio.
 

 So much of Section 1465-68, General Code, as is here pertinent, reads: “Every employee mentioned in 1465-61, who is injured, and the dependents of such as are killed in the course of employment, wheresoever such injury has occurred, provided the same was not purposely self-inflicted, * * * shall be paid such compensation out of the State Insurance Fund for loss sustained on account of such injury or death as is provided in the case of other injured or killed employees * *
 

 Appellant contends, in substance, that an employer has a right to define and limit the scope of employment of his workmen by rules and instructions, and to determine the terms and conditions under which their work is to be prosecuted; that in promulgating and enforcing a rule which forbade its employees to ride the material hoist, the scope of their employment was defined and limited; that appellee departed from his sphere of employment when he rode the hoist in violation of this rule; and that the injuries received were not, therefore, sustáined in the course of employment and are not compensable.
 

 The right of .an employer to limit and define the scope of employment of his workmen cannot be denied. However, the rule here invoked has no such effect.
 

 A distinction must be drawn between rules which define the sphere of employment and those which
 
 *131
 
 merely direct the maimer in which work within the sphere is to be done.
 

 “There are prohibitions which limit the sphere of employment, and prohibitions which deal only with conduct within such sphere. A transgression of a prohibition of the latter class leaves the sphere of employment where it was, and consequently will not prevent recovery of compensation. A transgression of the former class carries with it the result that the man has gone outside the sphere.” 1 Honnold on Workmen’s Compensation 390
 
 et seq.,
 
 Section 113.
 

 A rule which forbids employees to ride a material hoist does not define the sphere of employment but merely pertains to conduct within the sphere.
 

 In using the forbidden means of descent, appellee was guilty of an act of negligence. However, that act was one committed within the sphere of his employment. Nowhere in the Workmen’s Compensation Law of Ohio is to be found a provision which makes injuries compensable only when and if sustained during
 
 proper
 
 performance of work. On the contrary, all injuries, except those wilfully self-inflicted, received in the course of and having a causal connection with the employment, “either through its activities, it conditions or its environments,” are compensable, independent of the question of negligence, fault or assumption of risk. “The tesIPof right to award from the insurance fund under the Workmen’s Compensation Law, for injury in the course of employment, is not whether there was any fault or neglect on the part of the employer, or his employees, but whether the employment had some causal connection with the injury, either through its activities, its conditions or its environments.”
 
 Industrial Commission
 
 v.
 
 Weigandt,
 
 102 Ohio St., 1, 130 N. E., 38, paragraph two of the syllabus.
 

 An employee who receives an injury while engaged in doing the work he is employed to do, during the
 
 *132
 
 course of which he violates rules of his employer dealing with the method or manner of performing the work, will, notwithstanding such violation, he deemed to have been injured in the course of his employment.
 

 What is meant by the phrase “in the course of employment”?
 

 “This court has often interpreted the phrase ‘in the course of employment’ as used in the Constitution and statutes, and has consistently held that it refers only to an injury which is the result of or arises out of the employment. No injury having its cause outside of and disconnected with the employment is contemplated, even though the employee at the time may be engaged in the work of his employer in the usual way. A-nd it is essential for a claimant to establish that the employment had a causal connection with the injury, either through its activities, its conditions or its environment. Fas
 
 sig
 
 v.
 
 State, ex
 
 rel.
 
 Turner, Atty. Genl.,
 
 95 Ohio St., 232, 116 N. E., 104;
 
 Industrial Commission
 
 v.
 
 Weigandt,
 
 102 Ohio St., 1, 130 N. E., 38;
 
 Grabler Mfg. Co.
 
 v.
 
 Wrobel, 125
 
 Ohio St., 265, 181 N. E., 97;
 
 Industrial Commission
 
 v.
 
 Lewis,
 
 125 Ohio St., 296, 181 N. E., 136;
 
 Industrial Commission
 
 v.
 
 Bankes,
 
 127 Ohio St., 517, 189 N. E., 437;
 
 Industrial Commission
 
 v.
 
 Gintert,
 
 128 Ohio St., 129, 190 N. E., 400, 92 A. L. R., 1032.”
 
 Highway Oil Co.
 
 v.
 
 State, ex rel. Bricker, Atty. Genl.,
 
 130 Ohio St., 175, at 178, 198 N. E., 276.
 

 The causal connection between the injuries and the employment of appellee is clear. Appellee’s duties required him to ascend to an upper floor for the' purpose of loading debris upon the hoist, and then to descend to the ground floor for the purpose of unloading. These were part of his duties. These duties defined the scope of his employment. Descending to the first floor was an act included in his work. In descending by means of the hoist, he committed a violation of a rule of his employer, within the scope of his
 
 *133
 
 work, and to that extent failed to comply with the rules. However, notwithstanding such non-compliance, it cannot reasonably be said that during his descent by a means forbidden to him he ceased to work for his employer. The descent was consistent with a continuance rather than a termination of his work. It cannot be denied that he was at all times in the general performance of the duties he was employed to perform. The injury did not have its cause
 
 outside of and disconnected with the employment.
 

 The "Workmen’s Compensation Law of Ohio is humanitarian in its concept and must be humanitarian in its application. This dictates a liberal construction of the law in favor of the injured employee. Reasons, more compelling than mere disobedience of rules prescribing the conduct of employees within the scope of employment, must be advanced to defeat his right to compensation.
 

 The trial court sustained appellee’s motion for a directed verdict in his behalf. In this we find no error.
 

 Judgment affirmed.
 

 Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.