**SHOTWELL v INDUST. COMM.**

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5685. Decided Nov. 20, 1939.

C. R. Beirne, Columbus, and John W. Kilcoyne, Cincinnati, for appellant.

Thomas J. Herbert, Columbus, E. P. Felker, Akron, and Edward A. Schott, Cincinnati, for appellee.

### OPINION

By ROSS, J.

Appeal on questions of law from a judgment of the court of common pleas of Hamilton County, Ohio.

The plaintiff, a man approximately seventy-two years of age has been employed by The Queen City Awning & Tent Company for some twenty-two years as a salesman and collector.

A little after noon of December 24th, 1937, he received his weekly salarly from his employer. He testified that there were two accounts which he hoped to collect that day. He made an effort to collect an account in downtown Cincinnati, from Greenwald during the afternoon of December 24th, but, finding the store crowded, made no attempt to see the manager. This account was given plaintiff on December 22nd by his employer. The manager of the donwtown store testified he did see Plaintiff and told him not to return until later. The plaintiff states

that he returned home, was served his dinner and returned to the city in a second effort to collect the Greenwald account, but finding the store crowded, again made no effort to see the manager. Plaintiff stated he also had an account which he had been collecting from time to time since the spring of 1937. This debtor was located some distance out from the center of the city on Reading Road.

The plaintiff was proceeding out Reading Road in his automobile, after having, as he stated, called upon the downtown customer Greenwald, when he found it necessary to relieve himself. He stopped opposite a garage and, while attempting to cross Reading Road, was struck by an automobile and injured. He was absent from his employment for three months, incurring certain expenses for doctors, nursing, and hospital bills.

Although he could have proceeded to his home in Norwood, a city adjoining the City of Cincinnati toward the north, by proceeding out Reading Road for some distance, this was not the direct route to his home. The place where he was struck was on the road to the second debtor's place of business.

The Court permitted the plaintiff to introduce in evidence the two accounts stated by the plaintiff to be those upon which he was working on the evening of December 24th, but excluded the introduction in evidence of a number of other accounts of debtors located in other places in and about the city. Bills for all of these accounts were found on the person of the plaintiff immediately after he was struck by the automobile. There is nothing to indicate that the debtors in the accounts excluded were receiving attention from the plaintiff on the evening of December 24th.

There seems to be no dispute that the plaintiff was a collector for the Awning Company, and we can see no error in the court excluding such accounts.

This court was reversed by the Supreme Court in the case of **Inrustrial Commission v Lewis, 125 Oh St 296.** In that case, the Supreme Court found that under circumstances very similar to those in the case at bar, that the bills in the collector's pocket, were not those of debtors located along the route the collector was traveling at the time of the injury, and that, therefore, such bills had no probative value, at least, in showing that the collector was injured while acting within the scope of his employment.

The plaintiff claims that the verdict is against the weight of the evidence. It is undoubtedly true that a jury has a right to believe or not believe any witness and to weigh the evidence, and that its conclusions on these matters will not be disturbed as long as there is any substantial evidence to sustain its position. **39 O. Jur. 737.**

An examination of the record, however, in this case causes us to conclude that the only basis for the action of the jury must have been its refusal to believe the evidence of the plaintiff. We are unable to find any basis for such an attitude, especially as the jury did not hear the witnesses for the plaintiff testify.

It is also apparent that certain facts were proved about which reasonable minds could not differ as to the conclusions to be deduced therefrom.

The plaintiff was injured on Reading Road—in the evening of December 24th, 1937. Greenwald, the downtown customer, states he was at his place in the afternoon or evening of that day, and he told plaintiff not to return until later.

On the person of the plaintiff was a bill for Greewald and a debtor, whose place of business was on Reading Road beyond the point at which Plaintiff was injured. He was proceeding in that direction when he was injured and this was out of his way home. His duties were to collect accounts. He was not limited to any particular time of the day or night.

We find no justification for the conclusion of the jury and therefore de--

cide that the verdict is against the weight of the evidence in the case about which there could be no question of credibility.

In addition thereto, counsel for the Industrial Commission indulged in reflection upon the authenticity of a record, which was admittedly the official record of the Industrial Commission, containing the original application, certified as a true copy.

Counsel for plaintiff objected to this reprehensible action, and the objection was overruled. Such objection should have been sustained and the jury instructed to disregard the argument of counsel.

Two special instructions were given, at the request of the defendant. They are correct abstract statements of law. It is the better, if not the only proper procedure to connect such statements with the facts in the case. This was not done.

The judgment of the trial court is reversed, and the case remanded for a new trial.

HAMILTON, PJ., concurs.

MATTHEWS, J., concurring:

My only reason for adding anything is the statement in the opinion that in cases in this category there can be no question of credibility of witnesses. The reason that statement is made is, as I understand it, that as the jury does not have the opportunity of seeing the witnesses, it can have no basis upon which to test the credibility of the witnesses. With that view, I am not in accord. There are many tests of credibility other than the appearance of the witnesses before the trier of the facts. These tests appear in the written testimony upon which the case is tried. The jury has the right and owes the duty to search out these tests and apply them to the testimony in reaching a conclusion as to the weight to be given, and this court has no right to disturb the jury's finding only when it is manifestly against the weight of the evidence.

I concur in the reversal of the judgment for the reasons stated in the opinion of the court.