Zimmerman, J.,
 

 dissenting. We are constrained to dissent, because the decision in the instant case is a departure from the principles heretofore recognized and expressed by this court. Particular reference is made to the cases of
 
 Industrial Commission
 
 v.
 
 Gintert,
 
 128 Ohio St., 129, 190 N. E., 400, 92 A. L. R., 1032;
 
 Highway Oil Co.
 
 v.
 
 State, ex rel. Bricker, Atty. Genl.,
 
 130 Ohio St., 175, 198 N. E., 276;
 
 Ashbrook
 
 v.
 
 Industrial Commission, Ante,
 
 115, 24 N. E. (2d), 33.
 

 The purpose of the Ohio Workmen’s Compensation Act in its existing form is to compensate for accidental injuries or death occurring to a workman by reason of risks encountered in the activities, conditions or environments of the work he is employed to do.
 

 • The present case falls plainly within the rule that when an injury cannot fairly be traced to the employment as a substantial contributing cause, but comes from a hazard to which the workman would have been equally exposed apart from the employment, there is no right to a compensation award. If (Jutland’s death resulted from an accidental fall, it happened at his home, under circumstances clearly indicating, he was
 
 *495
 
 on a mission entirely Ms own and in no way connected with the duties of his employment.
 

 Weygandt, C. J., and Matthias, J., concur in the foregoing dissenting opinion.