READING, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

(No. 6147—Decided June 15, 1942.)

*Mr. Sol Goodman* and *Messrs. Rosen & Rosen,* for appellee.

*Mr. Thomas J. Herbert,* attorney general, *Mr. E. P. Felker* and *Mr. Edward A. Schott,* for appellant.

Ross, J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton county, wherein the plaintiff was adjudged to have the right to participate in the state insurance fund, securing workmen's compensation for injuries received during and by reason of the employment.

The defendant, appellant herein, raised essentially the same question by demurrer to the petition, motion for instructed verdict and a motion *non obstante veredicto.*   This question is whether the claimant was injured during the course of his employment and by reason thereof.

It appears that the claimant was employed by a

building contractor as a laborer, general utility man, and truck driver. His employment in the last capacity was, at the time of the incidents with which we are now concerned, intermittent. The claimant had previously driven a large truck as the major part of his employment, but more recently had been called upon occasionally to drive a smaller truck, which was usually kept at the home of his employer, near Vista avenue on Madison road in the city of Cincinnati. Owing to the character of the work of the employer, the claimant had no fixed situs for his work. It appears further er that the claimant was required to go to the employer's home on an average of twice a week to secure the truck and drive it to locations designated by the employer. The employer at the time involved had some thirteen building jobs in progress of completion. On the evening before the injury was received by the claimant, he was instructed by his employer to go to the employer's home the following morning, secure the truck and drive it to a designated location, where a job was in progress. Pursuant to such instruction, the claimant, on the morning of the day he was injured, left his home, took a streetcar and alighted on a loading platform a short distance from the home of his employer. While standing upon the platform, awaiting an opportunity to cross the street, he was struck by a bus and suffered the injuries for which he seeks industrial compensation.

Was he at that time acting within the course of his employment?

Was he injured by reason of such employment?

That both of these questions must be answered in the affirmative before claimant is entitled to an award of compensation is settled by decisions of the Supreme Court of the state. *Industrial Commission* v. *Lewis*, 125 Ohio St., 296, 181 N. E., 136; *Industrial Commission* v. *Baker*, 127 Ohio St., 345, 188 N. E., 560; *Indus-*

*trial Commission* v. *Gintert,* 128 Ohio St., 129, 190 N. E., 400; *Highway Oil Co.* v. *State, ex rel., Bricker, Atty. Genl.,* 130 Ohio St., 175, 198 N. E., 276; *Ashbrook* v. *Industrial Commission,* 136 Ohio St., 115, 24 N. E. (2d), 33.

The first and second paragraphs of the syllabus in the *Ashbrook case* are:

"1. An award from the Workmen's Compensation Fund is authorized only for injury sustained in the course of and arising out of the employment and is dependent upon the establishment of a causal connection between the injury sustained and the employment in which the workman is engaged, either through the activities, the conditions or the environments of that employment.

"2. Under the Workmen's Compensation Law, an injury is sustained in the course of employment when it occurs while the workman is engaged in the performance of the duty he is employed to perform. It arises out of the employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury."

That an employee is not entitled to participate for injuries received by him after leaving his home and before reaching his place of employment is definitely decided in *Industrial Commission* v. *Gintert, supra,* wherein it is stated in the third paragraph of the syllabus:

"3. Injuries sustained by a teacher in the public schools while traveling from her home to the school building where she performed her duties as an instructor are not compensable from the workmen's compensation fund, notwithstanding such teacher did some work in her own home preparatory to or connected with the performance of her duties in the school room. (*Inglish* v. *Industrial Commission,* 125 Ohio St., 494, overruled.)"

It is significant that in the *Gintert case,* the case of *Inglish* v. *Industrial Commission,* 125 Ohio St., 494, 182 N. E., 31, was overruled. The second paragraph of the syllabus in the *Inglish case* is:

"2. Where a school teacher, after school hours, while traveling by the usual, direct and necessary route from his school to his home, carrying examination papers, which he was expected by his county superintendent to grade at his home, such being the general practice, there being no opportunity nor facilities to perform such work at the school house, was struck and killed by an automobile, such accident arose out of and in the course of decedent's employment."

The effect of these decisions is not modified as far as the instant case is concerned by the holding in *Industrial Commission* v. *Baker, supra,* in which the zone of employment is considered.

It is obvious that the loading platform on a city street some considerable distance from the employer's home could not be considered as within the control of the employer, nor do we understand such is the claim of the plaintiff.

The language of the court in the *Baker case* is peculiarly interesting. On page 350 of the opinion, the court says:

"The right to recover in the case at bar would rest upon the theory that the employee is in the course of his employment from the time he starts from home, notwithstanding he has no duty to perform until he reaches the plant of his employer. This court unanimously held the contrary in *Industrial Commission* v. *Heil,* 123 Ohio St., 604, 176 N. E., 458."

The language of the Supreme Court in *Industrial Commission* v. *Heil,* 123 Ohio St., 604, 176 N. E., 458, a *per curiam* opinion, is also appropriate for consid-

eration, in view of the plaintiff's contentions. On page 606, we find:

"By the Court (Kinkade, J.). There is no dispute in the evidence about the facts. The sole question in the case is, was Heil injured while in the course of his employment? He was injured while he was on his way from his home to his place of employment. The injury occurred on the public highway, and before he had reached the property of his employer. He had no duties to perform for his employer until he reached the abattoir plant. His position at the time of his injury was no different from what it would have been had be been on his way to the abattoir plant where his duty there would have required him to run a stationary engine in the plant. He could not possibly do any of the things he was employed to do until he reached the plant itself. That is where his duties began in the morning, and where they ended in the evening after he had finished his day's service as superintendent."

And, again, the court says, on pages 607 and 608:

"We are quite unable to see any substantial merit in the proposition that an employee whose duties have a fixed *situs* can be in the discharge of those duties when he is a mile away, traveling upon a public highway for the purpose of reaching his place of employment. If the proposition presented is tenable, then it is quite immaterial whether he is a mile away or fifty miles away, or whether he be traveling by any of the ordinary modes of travel or traveling in an airplane.

"The following cases sustain the conclusion we have reached: *Fassig* v. *State, ex rel. Turner, Atty. Genl.,* 95 Ohio St., 232, 116 N. E., 104; *Conrad, Admx.,* v. *Youghiogheny & Ohio Coal Co.,* 107 Ohio St., 387, 140 N. E., 482, 36 A. L. R., 1288; *Edwards* v. *Wingham Agricultural Implement Co., Ltd.,* 109 L. T. R. (N. S.),

(Eng.), 50, 6 B. W. C. C., 511; *Erickson* v. *St. Paul City Ry. Co.,* 141 Minn., 166, 169 N. W., 532.''

See, also, *Clark* v. *Industrial Commission,* 55 Ohio App., 428, 9 N. E. (2d), 924, a case of a janitor on duty twenty-four hours in the day, injured on way to court house where he was employed. No recovery.

In *Fisher* v. *Industrial Commission,* 55 Ohio App., 524, 9 N. E. (2d), 884, the employee was injured while operating the employer's car, and taking it to the garage where it was usually kept. Participation allowed.

In *Fike* v. *Goodyear Tire & Rubber Co.,* 56 Ohio App., 197, at page 206, 10 N. E. (2d), 242, the court says:

''The record herein does not disclose facts and circumstances which this court believes would warrant it in holding that the sidewalk adjacent to the premises of the defendant upon the southerly side of East Market street was within the zone of control of the defendant company. We would indeed be loath to hold that any private corporation might extend its zone of control so as to include therein part or all of a main traffic artery, extensively used and maintained by the public solely at the public expense, and for the public benefit. Certainly, we believe no such conclusion is warranted in this case.''

This brings us to one of the cases relied upon by plaintiff. In *Outland* v. *Industrial Commission,* 136 Ohio St., 488, 26 N. E. (2d), 760, the second paragraph of the syllabus is:

''An automobile salesman, who, while making a trip on behalf of his employer to solicit a prospective customer, goes to his own home to get garage keys and a prospect book necessary to him in the performance of duties incidental to the trip and is killed by falling accidentally as he enters his dwelling place, suffers death in the course of and arising out of his employ-

ment and his dependents are entitled to death benefits under the Workmen's Compensation Act.''

It is quite plain from a reading of the statement of facts upon which the court based its conclusions that those in the instant case are radically different in effect. The injury to the employee in the *Outland case* occurred during the day when his employment had started, and the claim is of a departure from his employment rather than that it never had commenced. None of the cases heretofore considered is even mentioned by the court. Three judges, however, did dissent from the majority opinion, basing their dissent upon: *Industrial Commission* v. *Gintert, supra; Highway Oil Co.* v. *State, ex rel. Bricker, supra;* and *Ashbrook* v. *Industrial Commission, supra.*

Another case relied upon is that of *Bower* v. *Industrial Commission,* 61 Ohio App., 469, 22 N. E. (2d), 840. The syllabus is as follows:

''A school teacher attending a teacher's institute in a city other than the one in which she is employed, at the express request and direction of her superintendent, being paid her regular salary but not provided transportation or lodging, who was injured in an automobile accident which occurred while she was leaving a meeting of the institute and proceeding to the place where she expected to spend the night in order to attend the institute the following day, was injured in the course of her employment within the meaning of the Workmen's Compensation Act and is entitled to compensation.''

In the opinion the court says at pages 472 and 473:

''It is the view of this court that the circumstances of the instant case show that at the moment of injury the appellee was performing duties incidental to her employment and a necessary part of her entire trip to Toledo to attend the institute, as she had been directed to do by her employer, and that she was doing at the time what her employer would reasonably ex-

pect her to do; that the 'employment had some causal connection with the injury, either through its activities, its conditions or its environments.' (*Industrial Commission* v. *Weigandt,* 102 Ohio St., 1, 130 N. E., 38; *Grabler Mfg. Co.* v. *Wrobel,* 125 Ohio St., 265, 181 N. E., 97, paragraph 2 of the syllabus.) Appellee had to eat somewhere and had to sleep somewhere during her stay in Toledo, no such accommodation being provided for her by the employer, and to say she might have had her dinner and have slept elsewhere would be no answer and no defense, for no one can say what might have befallen her in such event.

"We are aware, of course, of the different situation that would have been presented had appellee been injured in her home city while going from her home to the school where she taught, a fixed place of abode and a fixed situs of employment—situations such as were before the courts in *Industrial Commission* v. *Gintert,* 128 Ohio St., 129, 190 N. E., 400, 92 A. L. R., 1032; *Inglish* v. *Industrial Commission,* 125 Ohio St., 494, 182 N. E., 31, 83 A. L. R., 210, and other cases."

The last lines of this quotation are significant.

*Adams* v. *Industrial Commission,* 65 Ohio App., 74, 29 N. E. (2d), 228, also relied upon by plaintiff, presents this situation, the syllabus of which states:

"A clerical employee of a county treasurer's office is acting in the course of employment and entitled to participate in the workmen's compensation fund for injuries received after office hours while on the way to deliver tax blanks, following an office custom and an instruction from a superior, to the office of a taxpayer located on the route to the home of the employee."

In all of these cases, wherein participation was adjudged proper, the employee was during the travel period charged with some duty, which caused a continuing responsibility *during* the journey. In the in-

stant case, the employee had no duty to perform for his employer until he *reached* the employer's home, other than to merely get himself to the house. This latter obligation is in no way distinguishable from the ordinary duty of every employee to report on time at his place of employment. That there is no fixed situs of employment cannot change the application of the principles noted.

The instant case is also easily distinguished from those cases where the employee is employed and under orders twenty-four hours in the day. Every direction there is an incident to such employment. He is always subject to active employment by the employer, and, the instant a specific instruction is given, that employment becomes effective to create rights of participation if an injury occur.

It appears in the instant case that the employee must, by reason of the nature of the employer's business requiring constant change of situs of work, have been constantly receiving directions as to where that situs would be. Upon the particular occasion in question, it was at the employer's residence. The employee's work did not commence until he reached the residence, the situs of his work that day, any more than if he was to report there every morning.

It is our conclusion that the employment of the plaintiff did not begin until he reached his employer's residence, and, hence, he was, therefore, not injured during the course of such employment, and that the trial court should have so found and granted the motion for instructed verdict or motion *non obstante veredicto*. Such being our conclusion, judgment is here rendered which should have been rendered by the trial court for the defendant, Industrial Commission of Ohio.

*Judgment reversed.*

MATTHEWS, P. J., concurs.