Hart, J.,
concurring. In Stanfield v. Industrial Commission, 146 Ohio St., 583, 67 N. E. (2d), 446, cited in the majority opinion, this court held that one suffering from angina pectoris accompanied by dizzy spells, headaches and hypertension and who fell backward striking his head on a cement floor at his place of employment and died from angina pectoris and coronary thrombosis was not within the workmen’s compensation coverage because his death did not arise out of his employment. Previously, this court held, as follows, in Industrial Commission v. Nelson, 127 Ohio St., 41, 186 N. E., 735:
“A workman, while in the course of his regular and usual employment, was seized with an epileptic fit and fell into or against a spot welding machine, at which he was then working, which fall caused a concussion of the brain resulting in his death * * * the injury was sustained in the course of his employment and arose out of his employment, and is compensable.”
*82 In my view, whether a workman in his fall strikes a bare floor or some object located on or near the floor resulting in his injury or death presents no distinction having a sound basis. The real test is whether the fall occurred as an incident and due to a risk of the employment.
In the instant case, Eggers, while standing on the floor of the workroom where he was employed, turned around and fell to the floor. He was rendered unconscious and his head was cut or lacerated near the crown to the extent of one and one-half to two inches in length. An examination showed signs of cerebral concussion and possible internal hemorrhage. In my opinion, these facts, supported by the evidence, affirmatively show an accidental injury in the course of employment. But there is no evidence that the fall resulted from either a slip, a trip, a misstep, or a faint due to gases or unusual atmospheric conditions, and therefore no evidence that the fall and injury arose out of the employment. There must be some causal connection between the injury and the employment, i. e., the injury must result from some risk inherent in.or incidental to the employment, to justify compensation. Industrial Commission v. Gintert, 128 Ohio St., 129, 190 N. E., 400, 92 A. L. R., 1032; Industrial Commission v. Bankes, 127 Ohio St., 517, 189 N. E., 437; Industrial Commission v. Baker, 127 Ohio St., 345, 188 N. E., 560; Industrial Commission v. Nelson, supra.
It is not sufficient to show merely that the injury occurred during the time of employment. Slanina v. Industrial Commission, 117 Ohio St., 329, 158 N. E., 829; Laudato v. Hunkin-Conkey Construction Co., 135 Ohio St., 127, 19 N. E. (2d), 898; Malone v. Industrial Commission, 140 Ohio St., 292, 43 N. E. (2d), 266.
As I see it, the doctrine of inference discussed in the *83 majority opinion did not arise in the instant case. Such inference can only arise where there is an unexplained injury or accidental death at or near the place of employment. In the instant case, there was no such unexplained injury or death. The circumstances of the fall and injury were fully covered by testimony of eyewitnesses.
Therefore, I concur in the syllabus and in the judgment.