Herbert, J.
The testimony on behalf of the plaintiff in the Court of Common Pleas was not controverted, the defendants having’ rested after their motion for a directed verdict, made at the end of the plaintiff’s case, was overruled. The undisputed facts are as follows:
On June 22,1956, at about 10:30 p. m., plaintiff was injured in an automobile, collision at the intersection of Indianola and South Avenues in the city of Youngstown. At the time of the accident, he, in uniform, was en route in his own automobile to the downtown police station to report for work on his regularly assigned night turn, being required to be at roll call at 10:45 p. m.
The plaintiff claims that, under the rules of the police department of Youngstown, he was a police officer at all times; that when he was going to work, in full uniform and with a gun and other police equipment necessary for the performance of his work, he was an employee in the course of employment within the meaning of the Workmen’s Compensation Act.
The plaintiff testified that he was subject to the provisions of G-eneral Rule 2 of the Department of Police, adopted and promulgated by the chief of police of the city of Youngstown, which reads as follows:
“Each member of the police department shall devote his whole time and attention to the business of the department, and he is expressely prohibited from following any other calling, or being employed in any other business. Although certain hours are allotted to the respective members for the performance of duty on ordinary occasions, yet at all times they must be prepared to act immediately on notice that their services are required. Members of the department shall always be considered on duty for the purpose of discipline. The hours of duty of patrolmen, sergeants, detectives, lieutenants, captains and any employees, will be regulated by the chief of police.”
The effect of a rule adopted by the employer to define the scope of the duties of an employee was considered by this court *429 in the case of Industrial Commission v. Ahern. 119 Ohio St., 41, 162 N. E., 272. Paragraph one of the syllabus of that case is as follows:
“No custom, rule or regulation, adopted by an employer, will be permitted to place an employee in his employment, if no employment in' fact existed at the time of the injury, or if such custom, rule or regulation materially changes the ordinary and commonly accepted meaning of the phrase ‘in the course of employment.’ ”
The only question presented in this appeal is whether the injuries suffered by the plaintiff while driving his car to report to work occurred in the course of, and arose out of, his employment. Section 4123.01, Revised Code.
The general rule, as stated in 42 Ohio Jurisprudence, 633, Section 53, is as follows:
‘ ‘ Ordinarily, an employee who has a fixed and limited working place is not to be regarded as within the course or scope of his employment while traveling between his home or place of abode and such working place, within the meaning and operation of the compensation act.” See, also, Industrial Commission v. Heil, 123 Ohio St., 604, 606, 176 N. E., 458; Industrial Commission v. Baker, 127 Ohio St., 345, 347, 188 N. E., 560; and Industrial Commission v. Gintert, 128 Ohio St., 129, 132, 190 N. E., 400.
This rule is also stated in paragraph four of the syllabus in the case of Industrial Commission v. Baker, supra, as follows:
“The Constitution and the statute, providing for compensation from a fund created by assessments upon the industry itself, contemplate only those hazards to be encountered in the discharge of the duties of his employment, and do not embrace risks and hazards, such as those of travel to and from his place of actual employment over streets and highways, which are similarly encountered by the public generally.”
The plaintiff cites in support of his claim the case of Jasaitis v. City of Paterson, 31 N. J., 81, 155 A. (2d), 260, wherein workmen’s compensation was awarded a uniformed police officer who was injured by a fall on an icy street while traveling home after he had completed his regular tour of duty. That court held that “a policeman, while wearing in public a *430 ■uniform during a period of time permitted by the police department’s rules and regulations, is still in tbe performance of his duties within the meaning of the workmen’s compensation statute.”
However, the Jasaitis case is distinguishable. In Ohio, a different rule is required by the statutes and is established by many cases in this court.
There is no evidence that the plaintiff here, while driving his automobile to work, was charged with any duty or task in connection with his .employment, and, by the evidence presented, the plaintiff had not been summoned from his home by his superior officer to take care of any emergency on the day of the injuries, and on that day his services were not required at any time other than his usual working hours. Plaintiff had not yet reached the place where the duties of his employment were to begin, and he had no immediate duties to perform while driving to work. There is no evidence of causal connection between the plaintiff’s employment and the injuries he received in the collision.
The judgment of the Court of Appeals, affirming the judgment of the trial court on the verdict of the jury, is reversed, and final judgment is entered for the defendants.

Judgment reversed.

Zimmerman, acting C. J., Radcliee, Taet, Matthias, Bell and O’Neill, JJ., concur.
Zimmerman, J., sitting in the place and stead of Weygandt, C.J.
Radcliee, J., of the Fourth Appellate District, sitting by designation in the place and stead of Zimmerman, J.