Griffith, J.
The sole question in this case is whether an employee with a fixed and limited place of employment whose duties require him to return occasionally to such place in the evening after his ordinary working hours who is injured in a motor vehicle accident while returning home from the plant after working there during the evening hours suffers an injury in the course of his employment within the meaning of the Workmen’s Compensation Act.
It is well settled that the Workmen’s Compensation Act does not create a general insurance fund for the compensation for injuries in general to employees but only for those injuries which occur in the course of and arise out of the employment.
In the present action, decedent, who had a fixed and limited place of employment, had concluded his work for his employer and was on his way home.
It is a general rule that the traveling to and from work by an employee who has a fixed and limited place of employment is not considered to be an activity in the course of and arising out of the employment within the meaning of the Workmen’s Compensation Act. Simerlink v. Young, Admr., 172 Ohio St., 427; Industrial Commission v. Baker, 127 Ohio St., 345; Industrial Commission v. Gintert, 128 Ohio St., 129.
It is appellant’s contention that this rule is not applicable *293 as to decedent because of the nature of Ms duties. It is urged that because of his supervisory duties he was on call 24 hours a day and was compelled to do a part of his work at home, thus Ms trips to and from the plant arose out of and were in the course of his employment.
Therefore, we must consider whether decedent’s duties were such as removed him from the operation of the general rule relating to travel to and from work.
The decedent was a products-control manager for appellee General Mills. He had a fixed and limited place of employment, General Mills’ plant at Toledo. It was there Ms duties for his employer were performed. A position such as Ms is not analogous to that of the salesman, serviceman or insurance adjuster. Such persons have no fixed place of employment, their place of employment is the area they service, the very nature of their employment requires them to go from place to place over the public highways, and the traveling to each place to work is necessarily in the course of their employment. Traveling subjects this type of employee to much greater traffic hazards than the ordinary citizen. Therefore, it can readily be seen that the case of Finnegan v. Metropolitan Life Ins. Co., supra, is distinguishable upon the facts from the instant case.
Such is not .true of decedent; his work was performed in and his duty to his employer extended over only this one plant. The only traveling decedent did was to and from work, from his home to the plant. His job, as such, required no other traveling, and he was thus subjected to no greater hazards than any other member of the public.
It is urged that he had to take work home so that this should have placed such travel to and from work within the course of his employment. In Industrial Commission v. Gintert, 128 Ohio St., 129, we determined that tMs type of conduct did not place travel to and from work within the course of the employment.
It is not claimed that General Mills had any duty to perform with reference to decedent’s transportation; he provided that independently. The claim is based upon the theory that, since he was on call 24 hours a day, he was in the course of employment not only while at the plant but while traveling from the plant to his home.
*294 Nor did the fact that decedent had certain supervisory duties and was on call 24 hours a day place such travel in the course of his employment. Where one is on 24-hour call as to a fixed place of employment, 24 hours then would be his normal working day, and his going to and from work at odd hours during the day would not place such travel within the course of his employment. Merely going to and from work at hours different from one’s ordinary working hours does not place such traveling within the course of the employment even though, due to the nature of one’s job, he is required to return to work after his ordinary hours. In the present case, no matter what hours decedent worked, his work was performed in a fixed and limited place, General Mills’ plant, and it was only there that he was required to perform his duties on behalf of his employer. The fact that he occasionally took work home or that he occasionally returned to the plant after his usual working hours did not change the basic nature of his employment. He was employed to do and performed his work at a definite and limited place, and his going to and from work cannot be considered to have been in the course of his employment.
In other words, an employee who has a fixed and limited place of employment is not in the course of his employment when traveling to and from work, even though such employee is on 24-hour call and occasionally must return to work after his ordinary working hours.
The judgment of the Court of Appeals is, therefore, affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Herbert and Gibson, JJ., concur.