OPINION
Although this appeal was originally placed on our accelerated docket, this Court elects to issue a full opinion in accordance with Loc.R. 12(5).
On May 17, 1999, at approximately 8:55 a.m., Appellant, David R. Hughes, a licensed, self-employed chiropractor, began driving to his office in order to meet his first patient for a 9:00 a.m. appointment. During the short drive from home to the office, normally between five and seven minutes, Appellant's 1972 Chevy pick-up was struck in an intersection when the driver of another vehicle apparently ran a red light. As a result of the collision, Appellant suffered a concussion, a fractured collar bone and a "lateral" whiplash injury. Appellant did not work for approximately three months while the injuries healed.
Shortly after the accident, Appellant filed a timely application for benefits with the Bureau of Workers' Compensation. The Bureau denied the application on May 28, 1999, and Appellant appealed the decision to the Industrial Commission. By order dated August 23, 1999, the Industrial Commission refused to consider the appeal. Pursuant to R.C. 4123.512, Appellant then filed an action in the Court of Common Pleas of Paulding County requesting the court to find him entitled to participate in the Workers' Compensation Fund.
On May 10, 2000, Appellee, Administrator of the Bureau of Workers' Compensation, filed a motion for summary judgment, arguing that Appellant should be precluded from receiving benefits because the accident did not occur "in the course of" and "arising out of" his employment. The trial court sustained Appellee's motion and granted summary judgment in an entry dated June 9, 2000. It is from this judgment that Appellant has brought the instant appeal. As his sole assignment of error, Appellant asserts the following:
 The trial court erred in granting Defendant-Appellee's motion for summary judgment since genuine issues of material fact still existed as to whether Plaintiff-Appellant was a fixed situs or semi-fixed situs employee and whether he can demonstrate that he received an injury in the course of and arising out of his employment. * * *.
 An appellate court reviews a motion for summary judgment on a de novo basis. Griner v. Minster Board of Education (1998), 128 Ohio App.3d 425, 430, 715 N.E.2d 226. Thus, this Court considers the motion independently and without deference to the trial court. J.A. Industries, Inc. v. All American Plastics, Inc. (1999), 133 Ohio App.3d 76, 82, 726 N.E.2d 1066. It is well-settled that a party is not entitled to summary judgment unless the record demonstrates: "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. See also, Civ.R. 56(C).
"[T]he Workman's Compensation Act does not create a general insurance fund for the compensation for injuries in general to employees but only for those injuries which occur in the course of and arise out of the employment." Lohnes v. Young (1963), 175 Ohio St. 291, 292,194 N.E.2d 428, 429-430. For the purposes of workers' compensation, R.C. 4123.01(C) defines an "injury" as "any injury, whether caused by external means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." An employee is entitled to receive benefits only if both prongs of the test are satisfied. That is, the injury must have occurred "in the course of" employment, and it must have arisen out of the same. Fisher v. Mayfield
(1990), 49 Ohio St.3d 275, 278, 551 N.E.2d 1271, 1275.
Ordinarily, an employee who sustains injury while traveling to or from a fixed place of employment is precluded from participating in the Workers' Compensation Fund. Ruckman v. Cubby Drilling, Inc. (1998),81 Ohio St.3d 117, 689 N.E.2d 917; MTD Products, Inc. v. Robatin (1991),61 Ohio St.3d 66, 68, 572 N.E.2d 661, 663. This is commonly referred to as the coming-and-going-rule. See Ruckman, 81 Ohio St.3d at 119,689 N.E.2d at 919.
 The rationale supporting the coming-and-going rule is that "[t]he constitution and the statute, * * * contemplate only those hazards to be encountered by the employe[e] in the discharge of the duties of his employment, and do not embrace risks and hazards, such as those of travel to and from his place of actual employment over streets and highways, which are similarly encountered by the public generally." Indus. Comm. v. Baker (1933), 127 Ohio St. 345, 188 N.E. 560, paragraph four of the syllabus.
 Ruckman, 81 Ohio St.3d at 119, 689 N.E.2d at 919. In order to determine whether an employee has a fixed place of employment, and therefore falls within the purview of the coming-and-going rule, the Ruckman
Court further explained,
 [T]he focus is on whether the employee commences his or her substantial employment duties only after arriving at a specific and identifiable work place designated by his employer. That focus remains the same even though the employee may be reassigned to a different work place monthly, weekly, or even daily. Despite periodic relocation of job sites, each particular job site may constitute a fixed place of employment. [emphasis added]
 Id. at paragraph one of the syllabus.
In this case, we believe there is no genuine issue of fact as to Appellant's status as a "fixed-situs" employee. The evidence adduced from the record indicates that at the time of the accident, Appellant treated patients five days a week at his office located at 11814 State Route 111 in Paulding, Ohio. On Mondays, Wednesdays and Fridays, Appellant scheduled appointments between the hours of 9:00 a.m. and noon, and then again from 4:00 p.m. to 7:00 p.m. Appellant saw patients from 9:00 a.m. to noon on Tuesdays and Thursdays. On the morning of the accident, a Monday, Appellant was merely traveling from home to his office in order to begin performing his routine employment duties.
In an attempt to circumvent the effect of the coming-and-going rule, Appellant first argues that he is not a fixed situs employee because he also uses a home office to write patient reports. In IndustrialCommission v. Gintert (1934), 128 Ohio St. 129, 190 N.E. 400, the Ohio Supreme Court held that a teacher who essentially prepared lesson plans at home could not receive workers' compensation benefits for injuries sustained in an auto accident while traveling from home to the school. In denying the claim, the Court observed:
 If there can be a recovery under the facts in this record, then there could be a like recovery in the case of any * * * employee employed in an office, bank, store, factory or other place of employment who carried home any books, papers, statements, etc., for any purpose at all connected with his duties, and sustained an injury while absent from the place of employment and while engaged in some act not in any wise connected with the duties of the employment.
 Gintert, 128 Ohio St. at 133, 190 N.E. at 402-403. Allowing recovery on such a tenuous claim violates the fundamental principles associated with the workers' compensation laws. Id. at 133, 190 N.E. at 403. Likewise, we are not persuaded by Appellant's argument that simply writing reports at home should somehow entitle him to participate in the fund.
Appellant also attempts to avoid the coming-and-going rule by claiming that he should be classified as a non fixed situs employee because he occasionally treats patients at locations other than his main office. Again, we are not convinced. In Fletcher v. Northwest MechanicalContractors, Inc. (1991), 75 Ohio App.3d 466, 599 N.E.2d 822, the Sixth District Court of Appeals held that the determination of whether an employee should be considered non fixed "depends upon whether the traveling itself was part of the employment, either by virtue of the nature of the occupation or by virtue of the contract of employment."Id. at 474, 599 N.E.2d 827.
Herein, the evidence reveals that Appellant has treated patients in his home in the past. However, Appellant's deposition testimony demonstrates that these were family members whom he agreed to treat at home for the sake of convenience since they were already in his company for other, unrelated reasons. Although Appellant stated that he could not recall the last time he treated a patient in his home, he testified that he never deviated from his regular office hours in order to do so. The evidence also demonstrates that, from time to time, Appellant treats one particular patient at her home because she has trouble traveling to his main office, and he helps residents at a local rest home when his services are needed.
We believe that the evidence is unequivocal that Appellant treated patients outside of his main office on an infrequent basis for the sake of convenience only. Travel was certainly not part of the nature of his employment. Notwithstanding, we reiterate that on the day of the accident, Appellant was merely traveling from home to his office in order to begin the day with a 9:00 a.m. appointment. Thus, Appellant is subject to the coming-and-going rule.
Our analysis, however, does not end here. The Supreme Court of Ohio has stated that "[w]hile the coming-and-going rule works well in most of its applications [as a total ban on workers' compensation], a claimant may avoid its force in the rare circumstance where he can, nevertheless, demonstrate that he received an injury in the course of and arising out of his employment." Ruckman, 81 Ohio St.3d at 120, 689 N.E.2d 917, 921.
An injury is not compensable unless it was sustained "in the course of" employment, which means that it must have occurred during the performance of a required duty. Id. That is, the employee must have been engaged "in activity that is consistent with the contract for hire and logically related to the employer's business." Id. quoting Kohlmayer v. Keller
(1970), 24 Ohio St.2d 10, 12, 263 N.E.2d 231, 233. As we have already stated, the coming-and-going rule provides that a commute to a fixed work situs bears no meaningful relationship to the employment and thus, does not fit within the "in the course of" prong of the test. The Rucker
court held that the general rule does not apply if "the employee travels to the premises of one of his employer's customers to satisfy a business obligation." Id. This is certainly not the case here.
Because we have found that Appellant was not injured "in the course of" his employment, we need not assess whether the injury arose out of the same. Accordingly, for all of the foregoing reasons, Appellant's sole assignment of error must be overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
 ____________________________ WALTERS, J.
 HADLEY, P.J., and SHAW, J., concur.