OPINION
{¶ 1} Plaintiff-appellant, Thomas D. Richardson, appeals a summary judgment by the Franklin County Court of Common Pleas in favor of defendant-appellee, Keen and Cross, Inc. ("KC"), in this action seeking workers' compensation benefits. The trial court concluded that appellant's injury did not arise out of and was not sustained in the course of his employment, as required by R.C. 4213.01(C), thus, KC was entitled to judgment as a matter of law.
 {¶ 2} The facts indicate that, at the time of his injury, appellant, a resident of Dayton, Ohio, was employed by KC and assigned to a construction project on the Ohio State University campus in Columbus. Because of the distance from his home to the construction site, and because the workday lasted from approximately 7 a.m. to 6:30 p.m., appellant stayed at a Knight's Inn motel in Columbus during the week. Appellant's supervisor, Robby Bane, whose residence is in Indiana, also stayed at the motel. Although KC paid for the motel accommodations for appellant and Bane, it did not provide them with a car, reimburse them for mileage or insurance, or pay for their meals while in Columbus. There was no restaurant at the motel, so appellant and Bane would leave the motel in the evening for dinner.
 {¶ 3} On the evening of December 5, 2000, appellant and Bane drove to a Champps restaurant, located some ten miles from the motel. They arrived at the restaurant at 8:15 p.m., and watched a college basketball game while they ate dinner. Neither discussed their employment or work-related issues while they were at the restaurant, and they were not being paid by KC at that time. Although Bane paid for the dinner using the company credit card, Bane had not done so on previous occasions, and KC asserts that this use of the card was unauthorized. The cost of the meal was eventually deducted from Bane's fringe benefit account.
 {¶ 4} As Bane drove them back from the restaurant, at around 10 p.m., appellant was injured in an automobile accident which occurred about ten minutes away from the motel. Appellant filed an application seeking participation in the state's workers' compensation fund, alleging that his injuries were work related. Upon the denial of his application, he appealed to the trial court. On August 18, 2003, the court granted summary judgment in favor of KC, and appellant now assigns the following as error:
The Trial Court committed prejudicial error by granting Defendant-Appellee's motion for summary judgment when, as a matter of law, it failed to apply the applicable law to the facts of the case at bar.
 {¶ 5} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel.Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181,183.
 {¶ 6} When a motion for summary judgment has been supported by proper evidence, a non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. Civ.R. 56(E);Jackson v. Alert Fire Safety Equip., Inc. (1991),58 Ohio St.3d 48, 52. To establish the existence of a genuine issue of material fact, the non-moving party must do more than simply resist the allegations in the motion. Rather, that party must affirmatively set forth facts which entitle him to relief. Wingv. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111. If the non-moving party "does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).
 {¶ 7} "An injury sustained by an employee is compensable under the Workers' Compensation Act only if it was `received in the course of, and arising out of, the injured employee's employment.' R.C. 4123.01(C); R.C. 4123.54; Fassig v. State, exrel. Turner (1917), 95 Ohio St. 232." Bralley v. Daugherty
(1980), 61 Ohio St.2d 302, 303.
 {¶ 8} "In the course of and arising out of" are conjunctive requirements that must both be met before an injury is compensable. Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 277. In accordance with R.C. 4123.95, this phrase is to be liberally construed in favor of the employee. Fisher, at 278. The Ohio Supreme Court has construed "in the course of" as relating to the time, place and circumstances of the injury. Fisher, at 277. An injury is received "in the course of employment," "if it is sustained by an employee while that employee engages in activity that is consistent with the contract for hire and logically related to the employer's business." Ruckman v. Cubby Drilling,Inc. (1998), 81 Ohio St.3d 117, 120.
 {¶ 9} In turn, the Supreme Court of Ohio interprets "arising out of" as referring to a causal connection between the employment and the injury. Fisher, at 277. When determining whether a causal connection exists between an employee's injury and his employment, a totality of the circumstances test is used.Fisher, at 277. Because workers' compensation cases tend to be fact-specific, no one test or analysis could be applied to all cases; consequently, courts have developed sets of rules for similar fact patterns. Fisher, at 280.
 {¶ 10} As a general rule, employees who are injured while traveling to or from a fixed-situs place of employment are not entitled to participate in the workers' compensation fund because they are unable to establish a connection between injury and employment. Ruckman, at 119, citing MTD Products, Inc. v.Robatin (1991), 61 Ohio St.3d 66, 68. The rationale for the rule is that employees are not discharging the duties of their employment when they are traveling the same streets and highways utilized by the general public, and that resulting injuries should not be compensable. Id. "In determining whether an employee is a fixed-situs employee and therefore within the coming-and-going rule, the focus is on whether the employee commences his substantial employment duties only after arriving at a specific and identifiable work place designated by his employer." Id., citing Indus. Comm. v. Heil (1931),123 Ohio St. 604, 606-607.
 {¶ 11} The trial court determined that appellant's injuries did not occur within the course of his employment because the accident occurred after the workday was over, appellant and Bane drove to and from the restaurant in Bane's personal vehicle, and neither the cost of the use of the vehicle nor the meal was compensated by KC. The court additionally determined that the accident did not occur at the job site or any location over which KC had control, and that KC received no benefit from appellant's having gone to dinner at the restaurant that evening. Thus, the court held appellant had failed to raise a genuine issue of material fact as to whether his injuries arose out of or in the course of his employment.
 {¶ 12} Appellant now argues that, had the trial court properly analyzed these facts under the tests set forth inRuckman, and Duncan v. Ohio Blow Pipe Co. (1998),130 Ohio App.3d 228, it would not have concluded that KC was entitled to judgment as a matter of law.
 {¶ 13} In Ruckman, the employees' injuries occurred during travel from their homes to remote locations to which the employer had assigned them to drill wells. The employees had no duties to perform away from the drilling sites and their workday began and ended at the sites. Despite the fact that the "coming and going" rule excludes coverage for injuries sustained while employees are traveling to and from work, the Ruckman court held that a fixed-situs employee is entitled to workers' compensation benefits for injuries occurring while coming and going to or from his place of employment where the travel serves a function of the employer's business and creates a risk distinctive in nature from or quantitatively greater than risks common to the public. Thus, if the location of the employment subjects the employee to a "special hazard," injuries sustained while coming from or going to work may be compensable.
 {¶ 14} In Duncan, the employee was posted to California on a three-week assignment in which the employer paid for his travel, lodging, meals and rental car. At the end of the workday the employee went out for dinner and was injured in an automobile accident. The Eighth District Court of Appeals held that the fact that the employee was in California at the direction of his employer rendered him in the course of his employment, and, although the injury occurred some five miles from the worksite on a highway over which the employer had no control, the fact that the employee was so far from home and had to eat meals out subjected him to a risk quantitatively greater than that of the general public.
 {¶ 15} Without deciding whether, given the same set of facts as was before the court in Duncan, this court would have reached the same conclusion, we distinguish that case on the basis that the employee was in California and had no choice but to stay in a hotel for the convenience of his employer, and on the basis that he was compensated for all meals and provided the use of a rental car during his stay. In the case at bar, appellant's work in Columbus took him only one to two hours from his home in Dayton, and his staying in Columbus was arguably as much for his own convenience and benefit as for KC's. In this regard, these facts are more similar to those in Barber v.Buckeye Masonry Constr. Co. (2001), 146 Ohio App.3d 262, in which the Eleventh District Court of Appeals held that an employee's work-related travel within a local three-county area did not constitute a special risk because the employee was exposed to the same risks as other commuters using public roads.
 {¶ 16} In addition, KC did not pay for his meals and had no control over what arrangements he made to procure dinner each night. The accident in which appellant was injured occurred not while appellant and Bane were on their way to or from the construction site, but in the evening after work hours while they were returning from a restaurant to their motel. Thus, these facts are similar to those cases in which employees, in other cities on business, were injured upon their visiting restaurants or nightclubs in the evenings, or while shopping during a bus tour, and in which the reviewing courts held that at the time of their injuries the employees were outside the course of their employment. Roop v. Centre Supermarkets, Inc. (Apr. 24, 1987), Lucas App. No. L-86-206; Marbury v. Indus. Comm. (1989),62 Ohio App.3d 786; Elsass v. Commercial Carriers, Inc. (1992),73 Ohio App.3d 112.
 {¶ 17} Thus, we conclude that, while in Columbus, appellant was a fixed-situs employee whose travel to and from a restaurant after work hours in the evening was not to the benefit of his employer and did not expose him to a special hazard or to a risk quantitatively greater than that encountered by other drivers on Columbus roads. Because we find the trial court appropriately concluded that appellant failed to raise a genuine issue of material fact as to whether he was entitled to participate in the workers' compensation fund, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown and Sadler, JJ., concur.