OPINION
{¶ 1} Plaintiff-appellant, Thomas Cline ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, in which that court granted judgment as a matter of law in favor of defendant-appellee, Yellow Transportation, Inc. ("appellee"). *Page 2 
 {¶ 2} Appellant is an over-the-road truck driver employed by appellee. Early on the morning of November 10, 2004, appellant departed from appellee's grounds in one of appellee's tractor-trailers, and drove more than eight hours to appellee's terminal in Lanham, Maryland. Upon his arrival, he completed required paperwork documenting his run. Appellee paid appellant by the hour for both driving and completion of paperwork. Pursuant to a federal trucking regulation, following a run such as appellant's run on November 10, 2004, drivers must rest for no fewer than ten hours before carrying another long-distance load. These ten hours may be divided into eight hours of rest and two hours of being "on-call," waiting for a call from the employer to pick up the next load. Drivers are not paid for any portion of the ten-hour rest period.
 {¶ 3} Appellee maintains a list of hotels within close proximity to the Lanham terminal, with which it has arrangements for direct billing to appellee for room charges, and for facilitation of communication with its drivers while they are on rest breaks. Appellant was not required to stay in one of these hotels, but he did so on the occasion in question, in large part due to the fact that staying there allowed him to complete less paperwork.
 {¶ 4} At his deposition, appellant testified that at some of appellee's terminals, appellee was required to provide transportation, such as a taxi, for the driver between the terminal and his hotel. He further testified that, in such cases, "[i]f there's not food within walking distance or at the hotel, then [appellee] will have to furnish you transportation to the restaurant." (Depo. at 66.) At the Lanham terminal, however, drivers are permitted to drive the company-owned tractor to their hotel, which is what appellant did on the day in question. Appellant further testified that, even at terminals where drivers are permitted to *Page 3 
drive their company-owned tractor to their hotel, drivers are not permitted to drive the tractor to an eating establishment, unless there are no eating establishments within walking distance. In other words, if there is an eating establishment within walking distance of a driver's hotel, he is not permitted to drive his tractor to it. (Id.; Cline Affidavit at ¶ 20, 22.[1]) Other than the restriction imposed by the aforementioned no-driving rule, appellant was free to choose how and where he obtained his meals.
 {¶ 5} After appellant awoke from sleeping for approximately seven and one-half hours, appellant set out to walk to a restaurant located across the street from his hotel. He stated, "[The restaurant] was within walking distance. Having worked with [appellee] as long as I have, knowing what their policies are, then, you know, that's what I was doing." (Depo. at 67.) Appellant was then asked, "And there was no reason for you to drive the tractor because at this Red Roof Inn [the restaurant] was right across the street?" and appellant replied, "That's correct." (Id.)
 {¶ 6} As appellant was crossing the street toward the restaurant, a vehicle traveling at approximately 35 miles per hour struck appellant, causing him severe injuries. On November 18, 2004, appellant filed a workers' compensation claim with appellee, a self-insured employer. Appellant alleged that the injuries he sustained in the November 11, 2004 accident were received in the course of, and arose out of, his employment with appellee. Appellee denied the claim and, later, an Ohio Industrial Commission ("commission") district hearing officer also denied the claim. Later, a commission staff hearing officer vacated the earlier order and allowed appellant's claim for "rotator cuff strain; contusion sprain left shoulder; traumatic synovitis, strain, left knee; *Page 4 
scalp laceration; cervical strain; thoracic strain; lumbar strain and sternal fracture." (Feb. 16, 2005 order.)
 {¶ 7} After the commission refused further appeal, appellee appealed to the court of common pleas, pursuant to R.C. 4123.512. As required by that statute, appellant filed his petition. He later voluntarily dismissed it, pursuant to Civ.R. 41(A), then timely refiled it. On March 6, 2007, appellee filed a motion for summary judgment, arguing that no genuine issue of material fact existed, and that, as a matter of law, appellant is not entitled to participate in the Ohio workers' compensation system for his November 11, 2004 injuries. On March 16, 2007, appellant filed a memorandum contra to appellee's motion, and also filed his own motion for summary judgment. On April 18, 2007, the court of common pleas granted appellee's motion and denied appellant's motion. The court later entered judgment in favor of appellee.
 {¶ 8} Appellant timely appealed only the grant of judgment in favor of appellee, and advances two assignments of error for our review, as follows:
 I. THE TRIAL COURT ERRED BY STRICTLY APPLYING THE THREE PRONGS OF THE LORD TEST AND NOT CONSIDERING OTHER PERTINENT FACTORS.
 II. THE TRIAL COURT ERRED BY MISAPPLYING THE THREE PRONGS OF THE LORD TEST.
 {¶ 9} We review the trial court's grant of summary judgment de novo.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion, and that conclusion is *Page 5 
adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343. If the moving party has satisfied its initial burden under Civ.R. 56(C), then the nonmoving party has a reciprocal burden, outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.
 {¶ 10} The sole issue presented in this case, both in the trial court and on appeal, is whether appellant is entitled to participate in the Ohio workers' compensation system for his injuries sustained on November 11, 2004. Both of appellant's assignments of error address this issue and present interrelated arguments, so they will be combined for analysis.
 {¶ 11} For purposes of Ohio workers' compensation statutes, "injury" includes "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). Thus, an injury sustained by an employee is compensable under the Workers' Compensation Act only if it is "received in the course of, and arising out of, the injured employee's employment." Bralley v.Daugherly (1980), 61 Ohio St.2d 302, 303, 15 O.O.3d 359, 401 N.E.2d 448.
 {¶ 12} The employee bears the burden to prove both prongs of this two-prong test. Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 277-278,551 N.E.2d 1271. The Supreme Court of Ohio has "expressly recognized the conjunctive nature of the coverage formula of `in the course of and arising out of the employment. * * * All elements of the formula *Page 6 
must be met before compensation will be allowed." Stivison v. GoodyearTire Rubber Co. (1997), 80 Ohio St.3d 498, 499, 687 N.E.2d 458, quoting Fisher, supra, at 277. However, the workers' compensation statutes should be liberally construed in favor of employees. R.C.4123.95.
 {¶ 13} "The test of the right to participate in the Workers' Compensation Fund is * * * whether a `causal connection' existed between an employee's injury and his employment either through the activities, the conditions or the environment of the employment." Bralley, supra, at 303, quoting Indus. Comm. v. Weigandt (1921), 102 Ohio St. 1,130 N.E. 38, paragraph two of the syllabus. In Fisher, supra, the Supreme Court of Ohio reaffirmed the test set forth in Lord v. Daugherty (1981),66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96, to determine whether there exists a sufficient causal connection between injury and employment to justify a claimant's participation in the workers' compensation system. "That test requires primary analysis of the following facts and circumstances: `(1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident.'"Ruckman v. Cubby Drilling, Inc. (1998), 81 Ohio St.3d 117, 122,689 N.E.2d 917, quoting Lord, supra, at syllabus.
 {¶ 14} "An employee's failure to satisfy the three enumerated factors of the Lord test, however, does not foreclose further consideration. When applying the Lord test the enumerated factors are not intended to be exhaustive and the totality-of-the-circumstances test may continue to evolve. * * * [N]o one test or analysis can be said to apply to each and every factual possibility." Id. at 122. *Page 7 
 {¶ 15} "The Act is not meant to impose a duty on an employer as an absolute insurer of the employee's safety. Rather, the Act is intended to protect employees against the risks and hazards incident to the performance of their duties. * * * The mere fact that an injury occurred during employment is not sufficient to establish entitlement to benefits." Carrick v. Riser Foods (1996), 115 Ohio App.3d 573, 577,685 N.E.2d 1261. At the time of the injury, the employee must be performing a required duty done directly or incidentally in the service of the employer as opposed to personal business, disconnected with the employment. Fletcher v. Northwest Mechanical Contractors, Inc. (1991),75 Ohio App.3d 466, 471, 599 N.E.2d 822, citing Indus. Comm. v.Ahern (1928), 119 Ohio St. 41, 6 Ohio Law Abs. 385, 162 N.E. 272, paragraphs two and three of the syllabus.
 {¶ 16} In support of his assignments of error, appellant argues that the trial court narrowly focused on the three enumerated Lord factors and refused to consider the totality of the circumstances, including appellee's prohibition of appellant driving the company-owned tractor if food could be obtained within walking distance, the benefit that having a rested driver afforded appellee, the fact that appellee was only out of town because of his work, and the benefit appellee received from appellant staying at that particular hotel.
 {¶ 17} Appellant argues that his injuries occurred on the employer's premises because he is a "traveling employee" whose injuries always arise out of his employment while he is out of town between runs, so long as they are not sustained while he is on a purely personal errand. We have considered the "traveling employee" doctrine as a possible exception to the "coming and going rule," which ordinarily precludes coverage for injuries sustained when an employee is traveling to or from a fixed site where they *Page 8 
perform their employment duties. See, e.g., Freeman v. Brooks,154 Ohio App.3d 371, 2003-Ohio-4814, 797 N.E.2d 520.
 {¶ 18} But we have refused to adopt the "traveling employee" doctrine where, as here, it is urged as a means to find injuries compensable that occurred during an employment-related out-of-town trip, but while the employee was engaged in what is a purely personal mission. See, e.g.,Budd v. Trimble (Dec. 22, 1994), Franklin App. No. 94APE04-589. Appellant argues that he was not on a purely personal errand because he was following appellee's rule about not driving the company-owned tractor if he could obtain a meal within walking distance.
 {¶ 19} In response, appellee argues that appellant's trip across the street for a meal was a personal errand over which appellee had no control, such that appellant's injuries did not arise from his employment. For support of this proposition, appellee cites the Third Appellate District case of Elsass v. Commercial Carriers, Inc. (1992),73 Ohio App.3d 112, 596 N.E.2d 599, jurisdictional motion overruled (1992), 63 Ohio St.3d 1474, 591 N.E.2d 244, and Richardson v.Conrad, Franklin App. No. 03AP-913, 2004-Ohio-1340. In Elsass, an over-the-road truck driver who was on an unpaid, federally mandated break between runs, was injured while riding in a taxicab he had hired to take him from Falls Church, Virginia, into Washington, D.C., so that he and his friends could eat, drink beer, and patronize nude dancing establishments. The court of appeals deemed his injuries not sustained in the course of or arising out of his employment primarily because "[he] and his companions could go wherever and do whatever they chose as they were on their own time. The motel room was the only expense that they would be reimbursed for by [the employer]. Thus, whether [the driver] truly sought food, `action,' or both, under *Page 9 
these circumstances, he did so at his own peril." Id. at 115. InRichardson, the employee lived in Dayton but stayed in a Columbus motel, at his employer's expense, during the workweek, because he was assigned to do construction work on the campus of The Ohio State University. The company did not provide the employee with transportation or meals. He was injured in a car accident while returning to the motel after an evening of eating, drinking beer, and watching sports with a co-worker at a restaurant located ten miles away from the motel.
 {¶ 20} Although appellant was not seeking the entertainment activity in which the claimants in Elsass and Richardson were engaged, we find appellant's dinner trip akin to the personal missions in those cases because, like the employees therein, appellant was on a personal errand when he was injured, and was not engaged in activity that benefited appellee or furthered its business. Appellee's work rule, which arguably imposed a geographic limitation on appellant's choice of eating establishments, does not render appellant's dinner trip within appellee's control or sufficiently incidental to appellant's work duties.
 {¶ 21} The Supreme Court of Ohio has recognized the applicability of the "traveling employee" doctrine in cases where it is the work-mandated traveling itself that not only occasions the injury but is the very object of the employment and the primary duty for which the employee is paid (for instance, if, in this case, appellant had been injured in his tractor-trailer while actually hauling a load). See, e.g., Indus. Comm.v. Heil (1931), 123 Ohio St. 604, 10 Ohio Law Abs. 190, 176 N.E. 458;Lohnes v. Young (1963), 175 Ohio St. 291, 25 O.O.2d 136, 194 N.E.2d 428. Here, however, appellant was not injured while hauling a load; he was injured while walking from his hotel to a restaurant. *Page 10 
Thus, we must apply the Lord test to the act of traveling to a restaurant on a rest break, and we must examine the totality of the circumstances, to determine whether, as a matter of law, appellant's injuries are compensable.
 {¶ 22} In applying the Lord test, the trial court gave no weight to the first factor-proximity of the scene to the place of employment — because "the employer is located in Ohio, and the accident occurred in another state. The court finds the situs in this case was a convenience for both parties * * *." (Decision Granting Appellee's Motion for Summary Judgment, 2.) The location of the accident scene can, in some cases, be pertinent to demonstrate that an injury that did not occur on the employment premises is nonetheless compensable because it occurred in the "zone of employment." However, we agree with the trial court that this factor deserves little or no weight because the accident here did not occur within the zone of employment. It occurred during a personal errand, as explained above.
 {¶ 23} With respect to the second factor, the trial court found that appellee had no control over the scene of the accident because appellee did not control the public street. We agree and note that this view finds support in case law. See, e.g., MTD Products, Inc. v. Robatin
(1991), 61 Ohio St.3d 66, 572 N.E.2d 661; Lord, supra; Beharry v.Cleveland Clinic Found. (Nov. 22, 1995), Cuyahoga App. No. 68050. Moreover, appellee exercised no control over the third party who was driving the vehicle that struck appellant. Appellant argues that, while appellee did not control the roadway, it did control appellant, who was following a work rule when he decided to cross the street by foot. But the second Lord factor is concerned with the degree of control over thescene, not the employee, so appellant's argument in this regard is inapposite. *Page 11 
 {¶ 24} Finally, we agree with the trial court that appellee received no cognizable benefit from appellant's presence at the scene of the accident. Appellant argues that appellee benefited from appellant's presence at the Red Roof Inn, both because it afforded appellee a well-rested driver and because that particular hotel was employer "approved" and thus provided appellee with a convenience. But the hotel is not the scene of the accident; the street is the scene of the accident. Appellant's argument essentially resolves to the notion that he would not have been at the hotel "but for" his employment. Moreover, he would not have been walking to dinner "but for" his employment, as discussed previously. But the Supreme Court of Ohio has never held that the "arising out of" prong entails no more than a simple "but for" analysis of causation. In our view, appellant's accident occurred in the course of his own errand, not his employment, and is not sufficiently causally connected to his employment to permit appellant's participation in the workers' compensation system therefor.
 {¶ 25} For all of the foregoing reasons, we find that the trial court correctly granted appellee judgment as a matter of law. Accordingly, we overrule appellant's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BRYANT and KLATT, JJ., concur.
[1] The record does not contain the text of the rule, and only appellant provided testimony as to its substance. *Page 1