[Cite as *Mitchell v. Michels Corp.*, 2025-Ohio-222.]

STATE OF OHIO         )                        IN THE COURT OF APPEALS
                             )ss:                NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA   )

BUDDY MITCHELL                           C.A. No.       2024CA0024-M

     Appellant

     v.                                      APPEAL FROM JUDGMENT
                                           ENTERED IN THE
MICHELS CORPORATION           COURT OF COMMON PLEAS
                                           COUNTY OF MEDINA, OHIO
     Appellee                                CASE No.      20CIV0627

## DECISION AND JOURNAL ENTRY

Dated: January 27, 2025

CARR, Presiding Judge.

**{¶1}** Appellant, Buddy Mitchell, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

**{¶2}** The instant litigation stems from a 2018 traffic accident in Medina County. Many of the facts pertinent to this appeal were set forth in this Court's prior decision that was issued in 2022.

> This case arises out of an incident that occurred in Wadsworth on the morning of March 15, 2018. At approximately 6:30 a.m., Travis Worley was driving his pickup truck to a jobsite in Seville. As Worley made a left turn onto Interstate 76, he struck Mitchell with his vehicle. Mitchell sustained serious injuries as a result of the accident. At the time of the accident Worley was working for the Michels Corporation ("Michels Corp."), a utility and infrastructure construction company. Michels Corp. had contracted to build a compressor station for a natural gas pipeline at a site in Seville.

> Mitchell filed a complaint alleging claims of negligence and respondeat superior against Worley and Michels Corp. Worley and Michels Corp. filed separate answers wherein they generally denied the allegations in the complaint and set forth a number of affirmative defenses.

Michels Corp. filed a motion for summary judgment arguing that Worley was not acting within the course of his employment at the time of the accident. Mitchell filed a response in opposition to the motion as well a cross-motion for summary judgment.

The trial court ultimately granted summary judgment in favor of Michels Corp. on the basis that Worley was not acting in the course of his employment at the time of the accident. The trial court also denied Mitchell's cross-motion for summary judgment[.]

*Mitchell v. Worley*, 2022-Ohio-4222, ¶ 2-5 (9th Dist.).

**{¶3}** Mitchell appealed to this Court and raised four assignments of error challenging the trial court's summary judgment order. *Id*. at ¶ 6. This Court overruled two of Mitchell's assignments of error wherein he argued that the trial court erred in its analysis of the special benefit and special hazard exceptions to the coming and going rule. *Id*. at ¶ 24, 27, 28, 32. Mitchell raised two additional assignments of error wherein he argued that the trial court erred in its analysis of the traveling employee exception to the coming and going rule. *Id*. at ¶ 33. This Court sustained these assignments of error to the limited extent that the trial court failed to analyze in the first instance whether the traveling employee exception, which arose out of workers' compensation law, was applicable in the context of respondeat superior. *Id*. at ¶ 38, 40. This Court further observed that the trial court had granted summary judgment in the absence of a determination that there were no genuine issues of material fact that remained to be litigated. *Id*. at ¶ 39.

**{¶4}** On remand, the trial court provided the parties with an opportunity to file briefs on the issue of whether the traveling employee exception was applicable under the facts of this case. Mitchell filed a brief in accordance with the briefing schedule set forth by the trial court. Michels Corp. did not file a brief. Thereafter, the trial court issued an order granting summary judgment in favor of Michels Corp. on the basis that the traveling employee exception was not applicable in

this case and that Worley was not acting in the course and scope of his employment at the time of the incident.

**{¶5}** On appeal, Mitchell raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DETERMINING THAT THE "TRAVEL[ING] EMPLOYEE" EXCEPTION TO THE "COMING AND GOING" DOCTRINE THAT IS APPLIED IN OHIO IN WORKERS['] COMPENSATION CASES DOES NOT APPLY IN NEGLIGENCE CASES ALLEGING *RESPONDEAT SUPERIOR* EMPLOYER LIABILITY[.]

**{¶6}** In his sole assignment of error, Mitchell contends that the trial court erred in granting summary judgment on the basis that the traveling employee exception to the coming and going rule was not applicable in this case.

**{¶7}** This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist. 1983).

**{¶8}** Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

**{¶9}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of

a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once a moving party satisfies its burden of supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

Background

{¶10} In our previous decision in this matter, this Court set forth the following details regarding Worley's employment with Michels Corp.:

Worley successfully applied to work at the Seville jobsite [in] 2017. A supervisor asked him to apply for the project. When asked why Michels Corp. wanted him, Worley responded, "[p]robably because they knew me." Worley explained that he took the job "[b]ecause there [was] no money at home and [he] was looking for a job that pa[id] good enough to feed the family." Worley took the job with the understanding that he would be in Ohio for as long as it took for the job to be completed. Worley drove to Ohio around Thanksgiving in 2017 and stayed until December 2018. Worley only came home to visit family twice during that period. Worley worked exclusively at the 75-acre jobsite in Seville during his stint in Ohio. Worley testified that he was responsible for getting to and from the jobsite each day and setting up his own lodging. While Michels Corp. did not pay for Worley's travel expenses, he received a weekly per diem of $235. Worley explained that the entirety of the per diem went toward food and lodging. Worley stayed at a hotel that was a 15-minute drive from the jobsite[.] Worley indicated at his deposition that he did not have any work responsibilities until he arrived at the jobsite.

There were 15 employees at the jobsite who had the same duties a[s] Worley, all of whom were from Ohio. Most of them resided in the Akron area and worked out of an Ohio union hall. Worley was not assigned a company truck and he drove his own pickup truck to and from the jobsite each day. Worley recalled that all of the other employees had their own vehicles. Worley did not use his personal truck on the jobsite.

On the morning of March 15, 2018, Worley woke up at 5:30 a.m. and left for the jobsite soon thereafter. At approximately 6:30 a.m., as Worley made a left turn onto Interstate 76, he struck Buddy Mitchell with his truck. Worley did not see Mitchell prior to the collision, and it was his impression that Mitchell stepped out in front of his vehicle. Worley notified Michels Corp. what had happened, but he did not receive any kind of guidance or feedback as to how to handle the situation.

*Mitchell v. Worley*, 2022-Ohio-4222, ¶ 15-17 (9th Dist.).

{¶11} In sustaining Mitchell's assignments of error pertaining to the traveling employee exception, this Court concluded that the trial court had failed to determine whether there were any material facts in dispute. *Id*. at ¶ 39. This Court further determined that the matter needed to be remanded for the trial court to determine in the first instance whether the traveling employee exception was applicable in the context of respondeat superior. *Id*. at ¶ 38, 40.

{¶12} In support of its decision to grant summary judgment in favor of Michels Corp. on remand, the trial court determined that there were no material facts that remained in dispute. The trial court concluded that the traveling employee exception is specific to workers' compensation law and does not apply in tort actions. The trial court noted that, unlike the special benefit and special hazard exceptions to the coming and going rule, Ohio courts have not extended the traveling employee exception to cases involving a theory of recovery based on respondeat superior. The trial court emphasized that Mitchell had not identified a case where the traveling employee exception had been applied to support a finding of respondeat superior employer liability. The trial court further observed that the public policy considerations underlying the workers compensation system are distinct from those underlying the doctrine of respondeat superior.

Discussion

{¶13} On appeal, Mitchell argues that the trial court's summary judgment order was erroneous as a matter of law because the traveling employee exception is applicable in both workers' compensation cases as well as negligence cases alleging respondeat superior employer

liability.  Mitchell further argues that there was a genuine issue of material fact as to whether Worley was acting in the course and scope of his employment at the time of the accident.

{¶14}  Under the doctrine of respondeat superior, an employer may be held liable for the tortious acts of an employee under certain circumstances.  *Auer v. Paliath*, 2014-Ohio-3632, ¶ 13.  "It is well-established that in order for an employer to be liable under the doctrine of respondeat superior, the tort of the employee must be committed within the scope of employment."  *Byrd v. Faber*, 57 Ohio St.3d 56, 58 (1991).  "[A]s a matter of law, a master is not liable for the negligence of his servant while the latter is driving to work at a fixed place of employment, where such driving involves no special benefit to the master other than the making of the servant's services available to the master at the place where they are needed."  *Boch v. New York Life Ins. Co.*, 175 Ohio St. 458, 463 (1964).

{¶15}  As noted in Mitchell's prior appeal, "[t]he coming and going rule, which originated in the context of workers' compensation cases, is based on the same principle." *Mitchell*, 2022-Ohio-4222, at ¶ 22 (9th Dist.), citing *Curtis v. Gulley*, 2006-Ohio-6081, ¶ 12 (12th Dist.).  In *Ruckman v. Cubby Drilling, Inc.*, 81 Ohio St.3d 117, 121 (1998), the Supreme Court recognized the traveling employee exception to the coming and going rule under circumstances where "the employee travels to the premises of one of his employer's customers to satisfy a business obligation."  In concluding that members of a drilling team were in the course and scope of their employment at the time of a car accident, and thus were entitled to workers' compensation benefits, the Supreme Court noted the unique aspects of the rigging business which required employees to "set up on a customer's premises, drill a well and, after completion, disassemble the derrick for transport to the next jobsite." *Id.*

{¶16} In support of his argument that the traveling employee exception is applicable in respondeat superior negligence cases, Mitchell points to *Patidar v. Tri-State Renovations, Inc.*, 2006-Ohio-4631 (10th Dist.), and *Lipps v. Kash*, 2008-Ohio-2628 (12th Dist.), in support of the notion that there is no practical difference in how Ohio courts analyze the "course and scope" of employment component of the coming and going rule in context of workers' compensation law versus negligence law. As an initial matter, both the *Patidar* court and the *Lipps* court affirmed summary judgment in favor of the defendant businesses on the basis that they were exempt from liability under the coming and going rule and that the factual circumstances were distinguishable from *Ruckman*. *Patidar* at ¶ 14-15; *Lipps* at ¶ 13, 16. Furthermore, while the decisions in both *Patidar* and *Lipps* explored the contours of the coming and going rule in the respondeat superior context, neither case stands for the proposition that the traveling employee exception recognized in workers' compensation cases is also applicable in respondeat superior negligence cases. *Patidar* at ¶ 10-16; *Lipps* at ¶ 8-20.

{¶17} Mitchell also points to *Duncan v. Ohio Blow Pipe Co.*, 130 Ohio App.3d 228 (8th Dist. 1998), *Masden v. CCI Supply Inc.*, 2008-Ohio-4396 (2d. Dist), and several other cases, in support of the proposition that Ohio courts frequently have applied the traveling employee exception under circumstances where employers derive a benefit from ordering their employees to travel out of town to perform their duties. Mitchell argues that the traveling employee exception applies to the entire duration of those assignments. This Court is mindful that "[t]he underlying policy in the workers' compensation system is to protect the interests of the employer and employee as opposed to the interests of innocent third-party victims in the context of liability under the doctrine of respondeat superior." *Whalen v. T.J. Automation, Inc.*, 2019-Ohio-1279, ¶ 41 (3d. Dist.), quoting *Butler v. Baker*, 90 Ohio App.3d 143, 146 (10th Dist. 1993). *Duncan*, *Masden*, and

the other cases cited by Mitchell are workers' compensation cases that do not address the applicability of the traveling employee exception in the context of respondeat superior employer liability. *Duncan* at 232; *Masden* at ¶ 5.[1] This Court declines to extend the holdings in those cases to the instant matter.

{¶18} Finally, Mitchell contends that summary judgment was inappropriate because there were genuine issues of material fact. Specifically, Mitchell argues that "[w]hen the 'travel[ing] employee' exception to the 'coming and going rule' is properly applied in this case, there remain[s] at a minimum genuine issues of material fact as to whether Michels [Corp.] was benefitted by Worley's presence in Ohio." As noted in the discussion above, Mitchell has not demonstrated that the traveling employee exception in workers' compensation cases is applicable under the facts of this case. Moreover, there is nothing in the record suggesting that there was a question as to any material fact that would have prevented the trial court from entering judgment as a matter of law in favor of Michels Corp. on the basis that the traveling employee exception was not applicable in this case.

{¶19} Mitchell's sole assignment of error is overruled.

III.

{¶20} Mitchell's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

[1] *See also Lippolt v. Hague*, 2008-Ohio-5070, ¶ 5 (10th Dist.); *Pascarella v. Abx. Air*, Inc., 1998 WL 468810, *1 (12th Dist. Aug.10, 1998); *Switzer v. Sewell Motor Express*, 2009-Ohio-3825, ¶ 7 (12th Dist.).

9

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

MARK P. HERRON, Attorney at Law, for Appellant.

JARED T. BRANKAMP, Attorney at Law, for Appellant.

BRIANNA M. PRISLIPSKY, Attorney at Law, for Appellee.